867082.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HABIT OPCO, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| THE BOROUGH OF DUNMORE, | ) | |
| | ) | |
| Defendant | ) | **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiff Habit OPCO, Inc., by and through its undersigned counsel, files the following

Complaint against Defendant The Borough of Dunmore:

### Parties, Jurisdiction and Venue

1.      Plaintiff Habit OPCO, Inc. ("Habit OPCO") is a Delaware corporation with a

principal place of business located at 205 Portland Street, Boston, Massachusetts 02114.

2.      Defendant The Borough of Dunmore (hereinafter "Defendant" or "Borough") is a

political subdivision of the Commonwealth of Pennsylvania with a principal place of business

located at 400 South Blakely Street, Dunmore, Pennsylvania 18512.

3.      The Borough is charged with the duty of enacting and enforcing the Borough of

Dunmore Zoning Ordinance ("the Ordinance").

4.      At all times relevant to this action, the Borough has acted under color of law.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331, 1337, 1343(a), 1391(b)(2); 29 U.S.C. § 794(a); and 42 U.S.C. § 12182(a).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

1

867082.1

## Factual Background

7.     Habit OPCO is a substance abuse treatment organization that provides outpatient services to communities in need.

8.     Habit OPCO presently operates nineteen facilities in several states, all of which are accredited by the Commission on the Accreditation of Rehabilitation Facilities ("CARF").

9.     Among other things, Habit OPCO offers treatment to individuals suffering from opiate addiction.  For these individuals, Habit OPCO utilizes a multi-disciplinary approach to treatment addressing the physical, psychological and social aspects of the individual's addiction.

10.     One of the treatments administered by Habit OPCO to individuals suffering from opiate addiction is Methadone Maintenance Treatment ("MMT").

11.     According to the Office of National Drug Control Policy ("ONDCP"), "Methadone is a rigorously well-tested medication that is safe and efficacious for the treatment of narcotic withdrawal and dependence."  *See* Office of National Drug Control Policy, Methadone Fact Sheet (April 2000), *available at* http://whitehousedrugpolicy.gov/publications/pdf/ncj175678.pdf.

12.     There currently exists an unmet need for an MMT program in and around the Borough of Dunmore.

13.     On or about March 4, 2009, Habit OPCO entered into a lease agreement with Monahan Office Complex, Ltd. ("Monahan") for a term of five (5) years with subsequent renewal options, whereby Monahan agreed to lease first-floor space within a portion of the commercial office complex located at 118 Monahan Avenue, Dunmore, Pennsylvania ("the Subject Property") to Habit OPCO for the operation of a medical clinic offering MMT.

867082.1

14.   On March 17 2009, Habit OPCO filed its initial Facility Licensing Application with the Pennsylvania Department of Health ("the Department") to operate a medical clinic offering MMT at the Subject Property.

15.   On or about March 25, 2009, Habit OPCO met with a licensed contractor to discuss improvements to the Subject Property. Many of these improvements are necessary in order to obtain licensure to operate a medical clinic offering MMT at the Subject Property.

16.   Under the Ordinance, Habit OPCO must obtain licensure before it will be permitted to operate a medical clinic offering MMT as a conditional use.

17.   However, the Department must conduct an inspection of the clinic before it will approve a request for a Facility License.

18.   Thus, the Ordinance creates a "catch-22" for medical clinics offering MMT. They must have zoning approvals to prepare the clinic for operations and invite the Department to conduct its inspection, but they cannot obtain zoning approvals until they obtain licensure.

19.   The Ordinance does not impose this burden on any other type of medical clinic.

20.   The Subject Property is located in a C-4, Heavy Commercial Zoning District pursuant to the Ordinance and the Borough Zoning Map as enacted by the Borough Council of the Borough of Dunmore ("the Council").

21.   Under the Ordinance, methadone treatment facilities are permitted by conditional use in all C-4 zoning districts throughout the Borough provided that the applicant meet the specific criteria for conditional use approval set forth in Sections 5.270 through 5.274 of the Ordinance, as well as the general criteria for conditional use approval set forth in Sections 5.330 through 5.343 of the Ordinance. Ordinance, §§ 5.270-5.273 and §§ 5.330-5.343.

3

867082.1

22.     Under the Ordinance, *all* other medical clinics are permitted as of right in *all* commercial zoning districts throughout the Borough.

23.     On or about July 13, 2009, Habit OPCO submitted to the Borough a substantive validity challenge to Sections 5.270 through 5.273 of the Ordinance, as well as a request for site specific relief.

24.     Sections 5.270 through 5.273 of the Ordinance provide as follows:

5.270   Drug Rehabilitation Facilities and Drug Treatment Centers

>   5.271   No methadone treatment facility shall be permitted unless it is licensed by the PA Department of Health.
>
>   5.272   No methadone treatment facility shall be permitted if it is determined by the PA Department of Health that such use would be detrimental to the health, welfare, peace and morale of the inhabitants of the neighborhood within a radius of one-half (1/2) mile of the facility.
>
>   5.273   No methadone treatment facility or any other permitted drug rehabilitation facilities and drug treatment centers shall be nearer to any of the following uses than one-half (1/2) mile. For the purposes of this section, spacing distances shall be measured as follows: (1) from all property lines of the uses regulated in this Section 5.270 hereof; (2) from the outward line or boundary of all residential zoning districts; (3) from all property lines of any of the following uses:
>
>>   a.   Church, charitable institution, school or public playground.
>>
>>   b.   Child day-care center or family day-care home.

867082.1

    c.      Pennsylvania liquor store established, operated and maintained pursuant to the terms of Article III of the PA Liquor Code.

    d.      Hotel, restaurant or club possessing a retail liquor license issued pursuant to Article IV of the PA Liquor Code.

    e.      Older adult daily living center licensed by the Pa Department of Aging.

    f.      Any "senior center" as defined in Section 3 of the Pa Senior Center Grant Program Act.

Ordinance, §§ 5.270-5.273.

25.     Hearings were held on Habit OPCO's substantive validity challenge on October 5, 2009, October 19, 2009, November 16, 2009, and December 14, 2009.

26.     On December 28, 2009, the Council rendered its decision on Habit OPCO's substantive validity challenge and voted to repeal Section 5.273 of the Ordinance, but denied the balance of Habit OPCO's validity challenge.

27.     The Council's decision to deny Habit OPCO's validity challenge to Sections 5.270 through 5.272 of the Ordinance is based on unfounded, irrational stereotypes and prejudices with respect to individuals who are disabled and suffering or recovering from opiate addiction.

28.     The enactment, application and enforcement of Ordinance Sections 5.270 through 5.273 is unconstitutional and otherwise illegal and improper because the Ordinance, both on its face and as applied, violates the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983, the Rehabilitation Act, and the Americans with Disabilities Act.

867082.1

## COUNT I

### Violations of the Due Process and Equal Protection Clauses of the United States Constitution

29.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 28 of the Complaint as if the same were fully set forth at length herein.

30.     This claim is brought pursuant to 42 U.S.C. § 1983.

31.     The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws."

32.     Sections 5.270 through 5.273 of the Ordinance are discriminatory on their face as they single out for disparate treatment those individuals who are disabled and suffering or recovering from an opiate addiction, and treat those individuals distinctly differently than all other individuals residing in the Borough who are in need of any other type of medical treatment.

33.     The Borough's adoption and enactment of Sections 5.270 through 5.273 of the Ordinance violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and is not rationally related to any legitimate government interest.

34.     Sections 5.270 through 5.272 of the Ordinance are discriminatory as applied since medical clinics offering MMT programs cannot obtain the necessary license from the Department until all applicable zoning is in place, because the Department must conduct an on-site inspection of the facility prior to the issuance of a license.

867082.1

35.   Sections 5.270 through 5.272 were adopted by the Borough for the explicit purpose of discriminating against individuals who are disabled and suffering or recovering from opiate addiction, and are premised upon unfounded and irrational stereotypes and prejudices.

36.   The Due Process Clause of the Fourteenth Amendment of the United States Constitution provides: "No state shall deprive any person of life, liberty, or property, without due process of law."

37.   Habit OPCO, as lessee of the Subject Property, has an inherent property right to use the Subject Property in any manner it desires provided that such use does not violate any law or any *valid* zoning provision.

38.   The Borough's enforcement of Sections 5.270 through 5.273 of the Ordinance violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution because these provisions were adopted, enacted and enforced for the explicit purpose of discriminating against individuals who are disabled and suffering or recovering from opiate addiction, and are premised upon unfounded and irrational stereotypes and prejudices.

39.   Accordingly, the Borough's decision to adopt and implement Sections 5.270 through 5.273 of the Ordinance was both arbitrary and irrational.

40.   The improper adoption, enactment and enforcement of Sections 5.270 through 5.273 of the Ordinance has deprived Habit OPCO of its right to use the Subject Property as a medical clinic offering MMT.

41.   Due to the Borough's adoption, application and enforcement of these discriminatory Ordinance provisions, Habit OPCO has expended substantial time and financial

resources, and has lost the opportunity to conduct its business and provide a much-needed medical service to persons residing in and around the Borough of Dunmore.

WHEREFORE, Plaintiff requests that this Court: (1) issue a declaration that Sections 5.270 through 5.273 of the Borough of Dunmore Zoning Ordinance are invalid and unenforceable; (2) issue a permanent injunction prohibiting Defendant from enforcing or attempting to enforce Sections 5.270 through 5.273 of the Borough of Dunmore Zoning Ordinance; and (3) award Plaintiff compensatory damages, lost profits, cost of suit, attorneys' fees, and any such other relief that this Court deems just and appropriate.

## COUNT II

### Violations of The Rehabilitation Act

42.    Plaintiff incorporates by reference the allegations in Paragraphs 1 through 28 of the Complaint as if the same were fully set forth at length herein.

43.    The Rehabilitation Act prohibits discrimination against persons with disabilities by any entity that receives federal financial assistance:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794(a).

44.    Upon information and belief, the Borough receives federal financial assistance for its programs and activities.

45.    The Rehabilitation Act specifically recognizes as handicapped those individuals with a drug addiction who are "participating in a supervised rehabilitation program and [are] no longer engaging [in the illegal use of drugs]." 29 U.S.C. § 706(8)(C)(ii)(II).

867082.1

46.     Because the Rehabilitation Act broadly defines "program or activity" to include "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government," zoning enactments and zoning enforcement activities are "covered activities" within the meaning of the Rehabilitation Act.  29 U.S.C. § 794(b)(1)(A).

47.     The adoption and enactment of Sections 5.270 through 5.273 of the Ordinance by the Borough violates the Rehabilitation Act in that these provisions discriminate against individuals who are disabled and suffering or recovering from a drug addiction by treating those individuals distinctly differently than all other individuals residing in the Borough who are in need of any other type of medical treatment.

48.     The Borough's decision to deny Habit OPCO's validity challenge to Sections 5.270 through 5.272 of the Ordinance violates the Rehabilitation Act because the decision was based on unfounded and irrational stereotypes and prejudices with respect to individuals who are disabled and suffering or recovering from opiate addiction.

49.     Due to the Borough's adoption, application and enforcement of these discriminatory Ordinance provisions, Habit OPCO has expended substantial time and financial resources, and has lost the opportunity to conduct its business and provide a much-needed medical service to persons residing in and around the Borough of Dunmore.

WHEREFORE, Plaintiff requests that this Court: (1) issue a declaration that Sections 5.270 through 5.273 of the Borough of Dunmore Zoning Ordinance are invalid and unenforceable; (2) issue a permanent injunction prohibiting Defendant from enforcing or attempting to enforce Sections 5.270 through 5.273 of the Borough of Dunmore Zoning

867082.1

Ordinance; and (3) award Plaintiff compensatory damages, lost profits, cost of suit, attorneys' fees, and any such other relief that this Court deems just and appropriate.

## COUNT III

### Violations of The Americans with Disabilities Act

50.    Plaintiff incorporates by reference the allegations in Paragraphs 1 through 28 of the Complaint as if the same were fully set forth at length herein.

51.    The Borough is a qualifying public entity within the meaning of the Americans with Disabilities Act (hereinafter the "ADA"). 42 U.S.C. § 12131(A).

52.    Habit OPCO's prospective patients are qualified individuals with disabilities within the meaning of 42 U.S.C. § 12101.

53.    The ADA contains a general prohibition against discrimination on the basis of disabilities by public entities:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

54.    Congress' stated broad goal in enacting the ADA was to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

55.    Zoning is an activity covered under the ADA. 42 U.S.C. § 12132; 28 C.F.R. pt. 35, app. A at 438 (1998).

56.    The adoption and enactment of Sections 5.270 through 5.273 of the Ordinance by the Borough violates the ADA in that these provisions discriminate against individuals who are

867082.1

disabled and suffering or recovering from a drug addiction by treating those individuals distinctly differently than all other individuals residing in the Borough who are in need of any other type of medical treatment.

57.     The Borough's decision to deny Habit OPCO's validity challenge violated the ADA because the decision was based on unfounded and irrational stereotypes and prejudices with respect to individuals who are disabled and suffering or recovering from opiate addiction.

58.     Due to the Borough's adoption, application and enforcement of these discriminatory Ordinance provisions, Habit OPCO has expended substantial time and financial resources, and has lost the opportunity to conduct its business and provide a much-needed medical service to persons residing in and around the Borough of Dunmore.

WHEREFORE, Plaintiff requests that this Court: (1) issue a declaration that Sections 5.270 through 5.273 of the Borough of Dunmore Zoning Ordinance are invalid and unenforceable; (2) issue a permanent injunction prohibiting Defendant from enforcing or attempting to enforce Sections 5.270 through 5.273 of the Borough of Dunmore Zoning Ordinance; and (3) award Plaintiff compensatory damages, lost profits, cost of suit, attorneys' fees, and any such other relief that this Court deems just and appropriate.

**A JURY TRIAL IS HEREBY DEMANDED.**

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

By:   /s/ Chad I. Michaelson
        Chad I. Michaelson
        Pa. I.D. # 88725
        cim@muslaw.com
        Stacey M. Noble
        PA I.D. #92994
        smn@muslaw.com

Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
(412) 456-2800

(Applications pending for admission *pro hac vice*)

*and*

GILLESPIE, MISCAVIGE, FERDINAND &
BARANKO, LLC

By:   /s/ Robert J. Gillespie, Jr.
        Robert J. Gillespie, Jr.
        Pa. I.D. #16009
        rjg@gmlawoffices.com
        Joseph R. Ferdinand
        PA I.D. #25710
        jrf@gmlawoffices.com
        Gretchen D. Sterns
        PA I.D. #90911
        gds@gmlawoffices.com

67 N. Church Street
Hazelton, PA 18201
(570) 454-5575

**ATTORNEYS FOR PLAINTIFF HABIT OPCO,
INC.**